**HANSON BRIDGETT LLP**
JOHN T. CU, SBN 207402
jcu@hansonbridgett.com
KAYLEN KADOTANI, SBN 294114
kkadotani@hansonbridgett.com
STELLA PADILLA, SBN 301590
spadilla@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:   (415) 777-3200
Facsimile:    (415) 541-9366

Attorneys for Defendant
Todd Scrima

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOVEMENT MORTGAGE, LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>TODD SCRIMA,<br><br>            Defendant. | Case No. 2:23-cv-02904-DJC-KJN<br><br>**TODD SCRIMA'S UNOPPOSED NOTICE OF MOTION AND MOTION TO TRANSFER FOR CONVENIENCE; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**(Submitted for decision without oral argument)**<br><br>Hearing Date:   November 14, 2024<br>Time:                 1:30 p.m.<br>Dept.:                Courtroom 10, 13th floor<br>Judge:               Hon. Daniel J. Calabretta<br><br>Complaint filed: December 12, 2023 |

**TO THE COURT, PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 14, 2024 at 1:30 p.m., or as soon thereafter as the matter may be heard before the Hon. Daniel J. Calabretta in the United States District Court for the Eastern District of California in Courtroom 10 on the 13th floor at 501 I Street, Sacramento, CA 95814, Defendant Todd Scrima ("Scrima" or "Defendant") will move to transfer this action to the Federal District Court, Western District of North Carolina, in the interests of justice and for the convenience of parties and witnesses pursuant to 28 U.S.C. § 1404(a).

This Motion is supported by the Memorandum of Points and Authorities in Support of the Motion to Transfer for Convenience set forth below; applicable case law; and/or such other arguments and authorities as may be submitted or allowed.

Pursuant to this Court's Standing Order on Civil Cases, Defendant submits this Motion for decision without oral argument.

This Motion is made following the conference of counsel pursuant to par. 1C of the Court's Standing Order in Civil Cases, which took place on August 13, 2024 via video conference. Counsel for Scrima hereby certifies that all meet and confer efforts on the issue of transferring venue have been exhausted and that Defendant consents to the transfer of this action to the Federal District Court, Western District of North Carolina.

DATED: September 17, 2024                HANSON BRIDGETT LLP

By:     _/s/ Stella Padilla_
JOHN T. CU
KAYLEN KADOTANI
STELLA PADILLA
Attorneys for Defendant
TODD SCRIMA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant Todd Scrima's ("Scrima" or "Defendant") Unopposed Motion to Transfer for Convenience (the "Motion") should be granted because both Scrima and Plaintiff Movement Mortgage, LLC ("Movement" or "Plaintiff") and consent to this action being transferred to U.S. Federal District Court, Western District of North Carolina ("Western District of North Carolina").

Both parties also agree that jurisdiction in the Western District of North Carolina is convenient for witnesses. The alleged bad acts occurred in North Carolina and the witnesses—the ex-Movement employees referenced in the Amended Complaint[1] (the "Movement Employees")—are all residents of North Carolina or a neighboring state. Further, Plaintiff has already filed a related action in the Western District of North Carolina (the "North Carolina Action") that alleges largely the same set of facts against the same Movement Employees and the company for which Scrima serves as President, Summit Funding, Inc. ("Summit").[2] Thus, it would not only be convenient for the parties to litigate related allegations in the same District that Plaintiff is already litigating in, but it would also be convenient for the witnesses involved in this action and in the North Carolina Action.

### II. STATEMENT OF RELEVANT FACTS

In October 2023, prior to filing the action in this Court, Plaintiff commenced the North Carolina Action against six of the eight Movement Employees referenced in the Amended Complaint and Summit (Scrima's company referenced in the Amended Complaint as allegedly misappropriating trade secrets and soliciting Movement employees[3]). *See* RJN,

---

[1] Naming Deran Pennington ("Pennington"), Matt Schoolfield ("Schoolfield"), Chris Shelton ("Shelton"), Heather Frye ("Frye"), Josh Covett ("Covett"), David Vese ("Vese"), Bart Evans ("Evans"), and Chris McCabe ("McCabe") as "Former" Movement employees who allegedly assisted Summit and Scrima to misappropriate trade secrets. *See* Dkt. 21 (the "Amended Complaint"), ¶¶ 14-76.

[2] *See* Request for Judicial Notice in Support of Motion to Transfer ("RJN"), Ex. 1.

[3] *See, e.g.,* Amended Complaint, ¶¶ 5, 11, 18-61.

Ex. 1. As asserted in the North Carolina Action, all of the named Movement Employees reside outside of California in either North Carolina or a neighboring state. *Id.* at ¶¶ 2-7. In this North Carolina Action, Plaintiff asserted, among others, breach of contract against the Movement Employees for breaching their employment agreements, trade secret misappropriation and civil conspiracy against Summit and the Movement employees, and tortious interference with contractual relations against Summit and Pennington. *Id.* at ¶¶ 93-150.

Approximately two months later, on December 12, 2023, Plaintiff commenced this action against Scrima individually. *See* Dkt. 1. Plaintiff commenced this action despite the fact that Scrima—as Summit's President—was already involved in litigation in the Western District of North Carolina. *See id.* (demonstrating that Summit is a defendant in the North Carolina Action). After Scrima filed a motion to dismiss the initial complaint (Dkt. 6), and this Court granted that motion in part (Dkt. 20), Plaintiff filed its Amended Complaint. *See* Dkt. 21.

In the Amended Complaint, Plaintiff asserts largely the same sets of facts previously alleged against Summit in the North Carolina Action against Scrima as Summit's "President and/or CEO." *See id.* at ¶¶ 12-62. Plaintiff also makes references to the Movement Employees' contracts at issue in the North Carolina Action and alleged the Movement Employees' breach of those contracts. *See id.* Scrima is also alleged to have flown to North Carolina at least once to induce the Movement Employees to breach their agreements with Movement and solicit more Movement employees. *Id.* at ¶ 22.

On or about December 19, 2023, Plaintiff filed a Third Amended Complaint in the North Carolina Action that continued to allege misappropriation of trade secrets, breach of employment agreement, improper solicitation of Movement employees, and tortious interference with contractual relations, based on largely the same conduct alleged in the Amended Complaint in this action, and during the same time frame. *See* RJN, Ex. 2, ¶¶ 61-133; *cf.* Amended Complaint, ¶¶ 12-76.

/ / /

Among the same nucleus of facts between the Amended Complaint in this action and the Third Amended Complaint in the North Carolina Action are: (1) largely the same factual background regarding Movement's goals, its employees, and its products (RJN Ex. 2, ¶¶ 18-22; *cf.* Amended Complaint, ¶¶ 7-11); (2) Summit/Scrima working together with Pennington to solicit Movement employees, including Schoolfield and Shelton, who joined in on the solicitation (which was facilitated by incentives from Summit/Scrima) (RJN Ex. 2, ¶¶ 61-73; *cf.* Amended Complaint, ¶¶ 12-30); (3) largely the same allegations regarding Summit's (and thus also Scrima's) and the Movement Employees' theft of Movement's trade secrets and computer files, including allegations that Plymale downloaded confidential and trade secret data from Movement's computer system—DOMO—prior to her resignation from Movement, and that Plymale created a Dropbox and created a Google Drive on her work laptop prior to resigning to continue to access Movement records, among others (RJN Ex. 2, ¶¶ 74-99; *cf.* Amended Complaint, ¶¶ 31-61); and (4) Summit/Scrima's diversion of Movement customer loans into Summit, through the help of Movement Employees, including Felix and Henry (RJN Ex. 2, ¶¶ 123-133; *cf.* Amended Complaint, ¶¶ 66-76).

On August 7, 2024, Scrima settled the pleadings in this action by filing his Answer to the Amended Complaint. *See* Dkt. 24. On August 8, 2024, the Court issued its Scheduling Order. *See* Dkt. 25. Since then, Plaintiff has served discovery on Scrima, which Scrima will timely respond to. *See* Declaration of Stella Padilla in Support of Motion to Transfer ("Padilla Decl."), ¶ 3. No other discovery or significant motion practice has occurred in this action. *Id.* In the North Carolina Action, while discovery has commenced among the parties, trial is not until May 2025. *See* RJN, Ex. 3. Notably, in the North Carolina Action, three of the four Movement Employees with the most factual allegations against them (and thus, likely the ones with the most discoverable information)—Schoolfield, Shelton, and Plymale—all reside in North Carolina. *See* RJN, Ex. 2, ¶¶ 3-5. Pennington, another key defendant, resides in South Carolina (a neighboring state). *Id.* at ¶ 2.

///

Given the overlap in allegations and witnesses (including, but not limited to Scrima and the Movement employees—both named as defendants, and not named), it would not only serve the parties—but also the witnesses—well to transfer this case to the Western District of North Carolina before significant discovery is commenced in this action. *See* Padilla Decl., ¶ 4.

On August 13, 2024, counsel for Scrima met with counsel for Movement to inquire if Movement would consent to transferring the action to the Western District of North Carolina. *See* Padilla Decl., ¶ 5. Despite Scrima indicating his consent to personal jurisdiction in the Western District of North Carolina, Movement declined to consent to the transfer at that time. *Id.* On August 27, 2024, counsel for Scrima and Plaintiff again met and conferred on the issue of transferring the action and Movement's counsel indicated they would consent to transferring the action, subject to certain stipulations. *Id.* at ¶ 6. On September 9, 2024, Scrima agreed to accept Movement's stipulations in exchange for Movement's formal consent to transfer the action, as discussed. *Id.* at ¶ 7. On September 16, 2024, as a courtesy, Scrima's counsel sent a draft of the motion to Movement's counsel. *Id.* at ¶ 8. This motion is being brought shortly after the parties' last discussion, with no delay that could cause prejudice to Plaintiff. *Id.* at ¶ 9.

### III.  LEGAL STANDARD

For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division to which all parties have consented. 28 U.S.C. §1404(a). A transfer motion for "convenience" under 28 U.S.C. §1404(a) can be made at any time.

### IV.  ARGUMENT

**A.  Plaintiff Consents to the Transfer and the Interests of Justice Support Such Transfer.**

Upon consent of the parties for transfer of venue, the Court must determine whether transferring a case under § 1404(a) is "in the interest of justice" and for "the convenience of parties and witnesses." *See* 28 U.S.C. §1404(a). The Court has wide discretion in making

1. this finding and may consider numerous factors, including, (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiffs choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiffs cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof. *Cohen v. State Farm and Cas. Co.*, 2009 WL 2500729, at * 2 (E.D. Cal. Aug. 14, 2009) (quoting *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000)). The Court "may also consider the convenience of parties and witnesses, feasability of consolidation of other claims, local interest in the controversy, and the court congestion of the two forums." *Id.* (citing *Williams v. Bowman*, 157 F.Supp.2d 1103, 1106 (N.D. Cal. 2001)). The factors are interpreted broadly to allow the court to consider the particular facts of each case. *E. & J. Gallo Winery v. F. & P. S.p.A.*, 899 F.Supp. 465, 466 (E.D. Cal. 1994).

Here, all parties consent to the transfer of venue (*see* Padilla Decl., ¶¶ 5-7) and a balancing of the above factors weighs in favor of transferring this action to the Western District of North Carolina.

Convenience of the witnesses is said to be the most important factor in passing on a transfer motion. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 89 F.R.D. 497, 501 (C.D. Cal. 1981). Here, six of the eight referenced Movement Employees are defendants in the North Carolina Action (*see* RJN, Ex. 2), meaning, at least six witnesses in this action will have to appear in the North Carolina Action for depositions and trial. All six witnesses already live in North Carolina or a neighbor state.

Moreover, since the alleged bad acts occurred in North Carolina, it can be deduced that almost all witnesses would have some connection to North Carolina and having to travel to California for depositions and trial may be an undue burden. Further, Scrima, as Summit's President, will already have to travel to North Carolina to be deposed and for trial. Plaintiff, similarly, is already involved in litigation in North Carolina by having filed the

North Carolina Action. By a similar token, transfer would allow both parties to have easier access to sources of proof, including, the Movement Employees and other third party witnesses. Moreover, litigating in this forum would only add further expense to the parties, as they would be involved in two actions in two different states and jurisdictions.

As to Plaintiff's choice of forum, this also weighs in favor of a transfer. Here, Plaintiff has consented to the transfer. *See* Padilla Decl., ¶¶ 6-7. The other factors also weigh in favor of a transfer. For example, given the similarities in the fact patterns of both actions, it is likely that the Western District of North Carolina may choose to consolidate both actions once this action is transferred over. Further, the contracts that Movement claims Scrima/Summit tortiously interfered with—the Movement Employee contracts—were allegedly negotiated and breached, in North Carolina. *See* RJN, Ex. 1 at ¶¶ 11-15. And, while this Court may be more familiar with the California trade secrets claim, the North Carolina court is equally capable of analyzing California law on that claim and on the other claims, including the federal misappropriation of trade secrets action.

The purpose of § 1404 (a) is "to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *State Farm and Cas. Co.*, 2009 WL 2500729 at * 2 (internal quotations and citations omitted). By transferring the action to the Western District of North Carolina this purpose will be achieved. Indeed, courts have found that transferring a case to "the forum in which judicial resources could most efficiently be utilized and the place in which the trial would be most 'easy, expeditious and inexpensive'" is proper. *See Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. 1981) (internal citations and quotations omitted). Here, there has been no delay in bringing this motion, and the pleadings have only recently been settled and no significant discovery has occurred. *See* Padilla Decl., ¶ 3, 9.

## V.   CONCLUSION

Based on the foregoing, Defendant Scrima respectfully requests this Court transfer this action to the Western District of North Carolina.

/ / /

DATED: September 17, 2024

HANSON BRIDGETT LLP

By: */s/ Stella Padilla*
JOHN T. CU
KAYLEN KADOTANI
STELLA PADILLA

Attorneys for Defendant
TODD SCRIMA